■ JOHN P. O'BRIEN, Plaintiff, v GUTMAN BERNARDO, Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Third-Party Defendant-Appellant. [660 NYS2d 580] —Order, Supreme Court, New York County (Paula Omansky, J.), entered on or about September 24, 1996, which granted defendant and third-party plaintiff's motion for partial summary judgment declaring in its favor against the third-party defendant and denied the

third-party defendant's cross-motion for summary judgment declaring in its favor, unanimously modified, on the law, to deny the motion and, except as thus modified, affirmed, without costs or disbursements.

Upon review of the record, we find that unresolved issues of fact bar the grant of summary judgment to either side in this controversy over whether the insured's first report of an accident four months after its occurrence satisfied the policies' requirement of notice "as soon as practicable." It is undisputed that the insured, the owner of a residential apartment building, had been informed, on the date of the incident, that an elderly man had slipped and fallen on the terrazzo floor of the building's lobby. Later that same day, he learned that the elderly man had been removed from the insured's premises by ambulance and that some laundry detergent had been spilled on the lobby's terrazzo floor. It is undisputed that the insured gave his first notice four months later, after service upon him of a summons and complaint in the main action by the injured party seeking personal injury damages. The insured, however, knew little else. He did not know, for instance, the victim's name or address or the nature and extent of his injuries, if any. He only knew that the victim was not a tenant.

Two policies are involved, one a general liability policy, the other an umbrella policy. Public Service Mutual Insurance Company is the insurer on each. Under the umbrella policy, written notice was required with "particulars sufficient to identify the [i]nsured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses." The general liability policy required such accompanying information "[t]o the extent possible." Given the relatively short period of delay involved, four months, and the limited information available to the insured, all of it received indirectly from third parties, we find that a question of fact is presented as to whether the insured satisfied his burden of giving reasonable notice. (*See, Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12.) Concur—Sullivan, J. P., Milonas, Rosenberger, Ellerin and Mazzarelli, JJ.